RICHARD S. HORTON V. HENRY ROHLFF ET AL.

FILED MAY 20, 1903.   No. 12,762.

1. **Contract: CONSTRUCTION.** If a contract admits of more than one construction, one of which will render it inefficacious or nullify it, that construction should be adopted which will carry it into effect.

2. ————: PRESUMPTION. It will not be presumed that the parties to a contract intended to provide for the doing of an illegal act, or one which would render their agreement void.

3. **Demurrer Ore Tenus.** When it does not clearly appear on the face of the petition that the contract declared on is void because of illegality, it is error to sustain an objection to the introduction of plaintiff's evidence on that ground.

4. **Contract: DEFENSE OF ILLEGALITY.** In such a case where the defense relied on is the illegality of the contract, it is necessary to plead and prove such defense.

ERROR to the district court for Douglas county: JACOB FAWCETT, DISTRICT JUDGE. *Reversed.*

*Richard S. Horton* and *T. W. Blackburn,* for plaintiff in error.

*George W. Shields* and *A. W. Gross, contra.*

BARNES, C.

The Greater America Exposition was incorporated under the laws of this state for the avowed purpose of conducting an exposition in the city of Omaha during the season of 1899, for the purpose of exhibiting to the public the products and resources of the transmississippi country; the manners, customs and modes of life of its inhabitants and various other features of interest pertaining to the manners, customs, habits of life and amusements of other nations and people; all to be conducted for the instruction and amusement of the people of this and other countries generally, and for gain on the part of the corporation. On the 24th day of May, 1899, said corporation entered into a contract with one Henry Rohlff, from which we quote as follows:

"This contract made and entered into this 24th day of May, A. D. 1899, by and between the Greater America Exposition, a corporation of Omaha, Nebraska, party of the first part, and Henry Rohlff, of Omaha, party of the second part, Witnesseth:

"That said party of the first part for and in consideration of the sum of eight hundred ($800) dollars and the covenants and agreements hereinafter enumerated to be kept and performed, subject to the rules and regulations of the Greater America Exposition, by said party of the second part, agrees with said party of the second part, as follows, to wit: * * *

"That it will and it does hereby grant to the said party of the second part the concession, privilege or right to in-

stall, maintain and operate upon the said above designated tract or parcel of land a German village, to be thoroughly representative of the buildings, life, manners and customs of villages in Germany, and to exhibit and sell therein articles of merchandise of German manufacture or origin; also the right to operate therein a restaurant and therein to sell and serve beer and light table wines (to be served at tables only), cigars, tobacco and cigarettes; also the right to operate a bowling alley; also the right to entertain his patrons with instrumental music furnished by a band or orchestra to consist of not more than ten pieces.    *    *    *

"Said party of the second part, for and in consideration of the promise and agreements hereinbefore set forth, does hereby accept the aforesaid concession, privilege or right and agrees that he will operate the same in a thoroughly first-class manner, to the best advantage, free from all objectionable features, continuously from the day said exposition opens until the close thereof and during such hours of each day as said exposition is open to the public.

"That immediately upon the execution of this contract he will proceed to place the buildings now standing upon said above designated tract or parcel of land in a condition of thoroughly first-class repair, refitting, repainting and refurnishing same subject to the approval of the party of the first part, and that same will be completed and everything herein provided for installed and ready for operation as soon as possible, with the exercise of reasonable dispatch.

"That he will install, maintain and operate within said German village a typical German restaurant or cafe and sell and serve therein beer and light table wines (to be served at tables only), cigars, tobacco and cigarettes. That all waiters and waitresses shall be neatly attired in typical German costumes.    *    *    *

"That he will procure from the proper authorities, at his own expense, a license for the sale of malt, spirituous and vinous liquors upon the aforesaid premises.

"That said consideration of eight-hundred ($800) dollars shall be paid upon the execution and delivery of the con-
10

tract, and that, as further compensation for the rights and privileges herein conferred, he will pay to said party of the first part fifteen (15) *per centum* of his daily gross receipts from all sources arising from the operation of this concession during the continuance of said exposition."

In order to secure the faithful performance of the contract, Rohlff gave a bond to the corporation in the sum of $2,000, signed by himself and George E. Ring, James Schneiderwind and P. C. Schroeder as sureties. Rohlff conducted a German village, as provided by the terms of the contract, but failed to pay the corporation fifteen *per centum* of all of the gross receipts of the business, and it is claimed that there was a balance due from him of $647.56 on that account. The Greater America Exposition was duly adjudged a bankrupt, and Richard S. Horton, plaintiff herein, was appointed its trustee in bankruptcy. He thereupon commenced this suit in the district court for Douglas county against Rohlff and his bondsmen to recover said balance alleged to be due to the corporation. The petition, among other things, set out the contract in full. The defendant answered, setting up several defenses, among which was the defense of the illegality of the contract on account of the agreement contained therein to sell beer and wine (intoxicating drinks), on Sunday. There was a reply filed in the form of a general denial. When the cause came on for trial, a jury was impaneled and the trial commenced. The defendants objected to the introduction of any evidence on the part of the plaintiff, because it appeared on the face of the petition that the contract sued on was illegal and void, and that the petition, for that reason, did not state facts sufficient to constitute a cause of action. The objection was sustained, the court directed a verdict for the defendants, which was duly returned, judgment was rendered on the verdict and plaintiff prosecutes error.

It is agreed by both parties that the legality of the contract is the only question involved herein; and the plaintiff concedes that if the contract provides for the sale of beer and light wines (intoxicating liquors) on Sunday it is void,

and no action can be founded on it. This question must be determined by the language of the contract itself, without any extrinsic aid, and the language used therein will be given its usual and ordinary meaning. It is claimed by the plaintiff that we must presume that the defendant Rohlff would not violate the law by selling intoxicating liquor on Sunday, and that at the time the agreement was made the parties contemplated the making of a legal, and not an illegal, contract; while it is strenuously urged by counsel for the defendants that it will be presumed that a typical German village can not be conducted without the sale of beer; that such sales must necessarily be made on Sunday, and that therefore the contract is void.

We will not presume that the parties, when they entered into the contract, contemplated a violation of law. On a demurrer *ore tenus,* unless by the language of the agreement itself, construed without intrinsic aid, such intention is clearly shown, the contract will be considered valid. It does not appear on the face of the petition that at the time the contract was made it had been determined that the exposition would be open on Sundays, and the word "continuously" relied on by the defendants to render the contract illegal, may reasonably be held to apply only to such days as the exposition would be open to the public; which, in absence of any allegation to the contrary, will be presumed to be week days only. The rule is that the contract should be supported if possible, rather than defeated.

"If a contract admits of more than one construction, one of which will render it inefficacious or nullify it, that construction should be adopted which will carry it into effect. For there is no presumption against the validity of contracts." Nor can we presume that the parties sit down to make a contract providing for a particular event, when that very event would make it void. 2 Parsons, Contracts (9th ed.), 504, note; *Jackson v. Blodget,* 16 Johns. (N. Y.) 172; *Rogers v. Eagle Ins. Co. of New York,* 9 Wend. (N. Y.) 611; *Barrett v. French,* 1 Conn. 354; *Bryan v. Bradley,* 16 Conn. 474.

The trial court was evidently misled by his general knowledge of what had transpired, or by the allegations of the answer in which the defense of the illegality of the contract was pleaded.

A careful examination of the record convinces us that neither upon the face of the petition, nor by the evidence offered, does it clearly and affirmatively appear that the contract was illegal. We therefore hold that the evidence should have been received and the cause tried upon the issues joined.

For the foregoing reasons, we recommend that the judgment of the trial court be reversed and the cause remanded for further proceedings.

By the Court: For the reasons given in the foregoing opinion, the judgment of the district court is reversed and the cause remanded for further proceedings.

REVERSED.